**CONSUMER PRODUCT SAFETY COMMISSION, Plaintiff,**

v.

**The ANACONDA COMPANY et al., Defendants.**

Civ. A. No. 77–1843.

United States District Court, District of Columbia.

Dec. 13, 1977.

Norman C. Barnett, Sol., Consumer Product Safety Com'n, Washington, D. C., for plaintiff Consumer Product Safety Com'n.

John P. Cole, Jr., Cole, Zylstra & Raywid, Edmund E. Harvey, Washington, D. C., for defendant The Anaconda Co., Wire and Cable Division; Chadbourne, Parke, Whiteside & Wolff, New York City, of counsel.

Christopher H. Buckley, Jr., Beveridge, Fairbanks & Diamond, Washington, D. C., for defendant Bryant Elec. Co., Division of Westinghouse Elec. Corp.

Fred S. Fielding, Morgan, Lewis & Bockius, Washington, D. C., for defendants Circle F Industries, Inc., Ettco Wire & Cable Corp., Leviton Mfg. Co., Inc., American Insulated Wire Co., Rhode Island Insulated Wire Co., Pass & Seymour, Inc. and Triangle PWC, Inc., a wholly-owned subsidiary of Triangle Industries, Inc.

William N. Letson, Schiff, Hardin & Waite, Washington, D. C., for defendant Coleman Wire & Cable Company, Inc.

Christopher Sanger, Tucker, Flyer, Sanger, Reider & Lewis, P. C., Washington, D. C., for defendants Eagle Elec. Co., Inc. and Slater Elec., Inc.

Eldon H. Crowell, Jones, Day, Reavis & Pogue, Washington, D. C., for defendant Essex Group, Inc., a wholly owned subsidiary of United Technologies Corp.

Richard P. Shlakman, Franz M. Oppenheimer, Leva, Hawes, Symington, Martin & Oppenheimer, Washington, D. C., for defendant General Cable Corp.

Robert Matthew Sussman, Covington & Burling, Washington, D. C., for defendant General Elec. Co., Wiring Device Business Dept.

R. Bruce Dickson, Vincent Mark J. Policy, Cahill, Gordon & Reindel, Washington, D. C., for defendant John I. Paulding, Inc.

James L. Kaler, Paul M. Vincent, Sherwood B. Smith, Jr., Kaler, Worsley, Daniel & Hollman, Washington, D. C., for defendant Reynolds Metal Co.

F. Anthony Maio, Foley, Lardner, Hollabaugh & Jacobs, Washington, D. C., for defendant Sierra Elec. Division of Sola Basic Industries, Inc.

Victor M. Wigman, Herbert Cohen, Wigman & Cohen, Arlington, Va., Van C. Wilks, Wm. V. Hearnburg, Christopher N. Zodrow, Carrollton, Ga., for defendant Southwire Co.

John F. Graybeal, Foley, Lardner, Hollabaugh & Jacobs, Washington, D. C., for defendant Square D Co.

Phillip J. Harter, Washington, D. C., for Rhode Island Insulated Wire.

Ronald J. Greene, Edward Tynes Hand, Christopher R. Lipsett, Wilmer, Cutler & Pickering, Washington, D. C., Max Thelen, Jr., Fredric C. Nelson, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for Kaiser Aluminum; Robert W. Turner, Dennis M. Day, Kaiser Aluminum & Chemical Corp., Oakland, Cal., of counsel.

**500**

MEMORANDUM OPINION AND ORDER

FLANNERY, District Judge.

This matter comes before the court on the motions of certain defendants to dismiss or if the motions to dismiss are denied, to certify certain questions to the court of appeals pursuant to 28 U.S.C. § 1292(b). This is an action brought by the Consumer Product Safety Commission (Commission) to have "old technology" aluminum wiring systems declared "imminently hazardous consumer products." For relief the Commission requests that the court enter an order requiring the defendants to give public notice of the hazards allegedly associated with the aluminum wiring systems.[1] The court also has before it the motion of certain defendants to set a discovery, briefing, and hearing schedule on plaintiff's motion for temporary relief. Plaintiff's motion for temporary relief is, in effect, a motion for a preliminary injunction. Finally, Kaiser Aluminum & Chemical Corp. (Kaiser) has moved to dismiss, alleging that the Commission is collaterally estopped from pursuing its claims against Kaiser. Two other companies also are attempting to assert a unique applicability of collateral estoppel grounds because they allege that they merely processed wire manufactured by Kaiser.

The first issue is the motion of most of the defendants to dismiss or, in the alternative, for certification of the two issues raised under § 1292(b). Defendants assert that the Commission lacks jurisdiction to proceed against the aluminum wire manufacturers because aluminum wiring systems are not consumer products for the purposes of the Consumer Product Safety Act, 15 U.S.C. § 2051 *et seq.* (Supp. V 1975). The defendants further assert that this jurisdictional holding is required by the collateral estoppel effect of *Kaiser Aluminum & Chemical Corp. v. CPSC,* 428 F.Supp. 177 (D.Del.1977), *appeal pending,* No. 77–1874 (3rd Cir.). In support of their motion, the defendants incorporate by reference the ar-

guments raised and rejected by this court in *United States v. Anaconda Co.,* Misc. No. 77–24, 445 F.Supp. 486 (D.D.C.1977), *appeal pending,* No. 77–1628 (D.C.Cir.). This court, having reconsidered the issues presented, again rejects these arguments and hereby adopts and incorporates by reference its decision in *United States v. Anaconda Co.*

 In *Anaconda Co.,* a subpoena enforcement action, this court rejected the respondents assertion that "the Commission lacks jurisdiction over aluminum wiring systems because they are not 'consumer products' within the meaning of the Consumer Product Safety Act, and, in any case, the court is bound on a collateral estoppel basis by a prior ruling on this point . . . ." Misc. No. 77–24, at 490, 491–496 (D.D.C.1977). The court found that aluminum home wiring systems were consumer products and therefore, it was within the Commission's jurisdiction to investigate the wiring systems. Misc. No. 77–24, at 494. Similarly, this court is of the opinion that this action under § 12(a) of the Act, 15 U.S.C. § 2061(a) is also within the Commission's jurisdiction to proceed "against an imminently hazardous *consumer product*" (emphasis added). As to the collateral estoppel issue, in its earlier opinion this court found that collateral estoppel principles did not prevent the Commission from proceeding against respondents other than Kaiser despite the holding of the Delaware court. 445 F.Supp. at 495–496; *see Kaiser Aluminum & Chemical Corp. v. CPSC,* 428 F. Supp. 177, 180–82 (D.Del.1977). In the context of this case, this court again concludes that collateral estoppel principles do not preclude the Commission from proceeding against the defendants other than Kaiser.

The main issue, therefore, is whether the court should certify the issues of the Commission's jurisdiction and collateral estoppel for review by the court of appeals via § 1292(b). The jurisdictional issue will be

---

1. The Commission has been enjoined from giving public notice itself by the United States District Court for the District of Delaware.

*Kaiser Aluminum & Chemical Corp. v. CPSC,* No. 76–44, at 2 (Order of March 30, 1977).

heard by the United States Court of Appeals for the Third Circuit in the appeal from the Delaware case on January 6, 1978. The Court of Appeals for this Circuit will be faced with both issues in the appeal from this court's decision in *United States v. Anaconda Co.* Briefing has been completed in that appeal, but argument has not yet been scheduled.

Defendants assert, however, that the court of appeals has indicated that it might not reach the issues in question in that appeal. In its order denying appellants' motion for a stay pending appeal, the court stated that it:

"Appear[s] to the court that the issue of whether aluminum wiring systems are within the jurisdiction of the Consumer Product Safety Commission may involve factual determinations as to the use and marketing practices of that product, and it

Further appear[s] that this question of coverage raised by appellants is for the Commission to investigate in the first instance, and it is not appropriate for adjudication by the courts prior to enforcement of the subpoenas and the agency's completion of its investigation, *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186 [66 S.Ct. 494, 90 L.Ed. 614] (1946); *Endicott Johnson Corp. v. Perkins,* 317 U.S. 501 [63 S.Ct. 339, 87 L.Ed. 424] (1943) . . ."

*United States v. Anaconda Co.,* No. 77–1628 (D.C.Cir. August 24, 1977) (as amended August 25, 1977). Thus, defendants fear that the court of appeals might not reach the jurisdictional issues in the subpoena enforcement appeal and, therefore, there will be no review of this court's decision until the merits of this case are decided unless an interlocutory appeal is permitted. Although the absence of review until the merits have been decided is normal, the defendants contend that the conflicting Delaware decision on a basic jurisdictional issue renders this case appropriate for 1292(b) review.

Defendants assert further that interlocutory review would promote judicial economy because the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b). The Commission contends that certification at this point would be premature and that the issue could be certified if, and when, the court decides to grant plaintiff's motion for temporary relief. If the relief granted or denied took the form of a preliminary injunction, the defendants could appeal under 28 U.S.C. § 1292(a)(1) (1970). The Commission asserts that certification would unnecessarily delay consideration of the merits of this case and result in harm to the public from the allegedly hazardous aluminum wiring. The court is not convinced that the hazard is sufficiently certain, dangerous, or imminent so as to render any delay unwarranted. Furthermore, other institutions besides this court and the Commission, such as Congress and state authorities, could provide the requested notice if necessary. An additional factor to be considered is that protracted and expensive litigation may needlessly result if this court's decision is ultimately overturned. Therefore, this court is of the opinion that the unique circumstances of this case warrant § 1292(b) certification so that a controlling question of law as to which there is substantial difference of opinion may be decided by the court of appeals in order to materially advance the ultimate termination of this litigation. It also should be noted that the parties have indicated that they will attempt to have this appeal consolidated with the appeal in the *Anaconda Co.* case and that they will seek an expedited briefing schedule merely to supplement the existing briefs.

The next issue to be considered is Kaiser's motion to dismiss. Kaiser relies on the collateral estoppel effect of the Delaware court's decision in *Kaiser Aluminum & Chemical Corp. v. CPSC,* 428 F.Supp. 177 (D.Del.1977) that was recognized by this court in *United States v. Anaconda Co.* In *Kaiser Aluminum & Chemical Corp.,* the

court held that aluminum branch wiring systems are not "consumer products" for purposes of the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* and thus, the Commission has no authority to regulate such products. 428 F.Supp. at 180–82. Based on this holding, this court denied enforcement of a Commission subpoena against Kaiser because of the effect of collateral estoppel. *United States v. Anaconda Co.*, 445 F.Supp. at 494–496 (1977).

The Commission asserts that the Delaware decision does not have the same effect in this case. The Commission contends that under § 12(a) of the Act, 15 U.S.C. § 2061(a) this action "may be filed notwithstanding the . . . pendency of any administrative or judicial proceedings under any other provision of the Act". The Delaware action, according to the Commission, is a pending judicial proceeding under § 6(b) of the Act, 15 U.S.C. § 2055(b), and therefore, it believes that § 12(a) preempts collateral estoppel principles and this case should proceed. The Commission asserts that § 12 supersedes the common law collateral estoppel doctrine when there is a pending action. Under the Commission's reading of the statute the Delaware case is still pending because there has been an appeal. *See MacKenzie v. A. Engelhand Co.*, 266 U.S. 131, 132–33, 45 S.Ct. 68, 69 L.Ed. 205 (1924).

Kaiser responds that the Commission's authority under § 12(a) is limited to actions involving "imminently hazardous consumer products." Kaiser asserts that under the Delaware decision aluminum branch wiring systems are not consumer products and therefore, the Commission lacks authority to file a § 12 action against it. Furthermore, Kaiser contends that the Commission's assertion that Congress intended to preclude the application of collateral estoppel principles to agency actions in unprecedented. Clearly nothing in the Act itself or its legislative history supports the Commission's theory.

Kaiser also cites to the court § 12(c) of the Act which requires the Commission to initiate standard making proceedings, where appropriate, concerning products covered by a § 12(a) action. Kaiser contends that Congress was primarily concerned in § 12(a) with allowing the imminent hazard action to proceed while the standard making proceedings continued or while judicial review of a standard was pending. Even if this was the dominant intent of Congress, § 12(a) clearly states that the imminent hazard action shall proceed regardless of the pendency of any judicial proceedings "under any other provision of this chapter." The effect of § 12(c) is not significant here in any event, because the Commission's position that collateral estoppel does not apply because of § 12(a) is clearly without merit.

■ The Commission also asserts that collateral estoppel should not apply because an injustice would result. According to the Commission, an injustice to the public will result if Kaiser is dismissed because Kaiser allegedly developed, introduced, and promoted the residential use of aluminum wiring and held 40–50 percent of the market during the "old technology" period. The Commission further contends that the application of collateral estoppel will result in a confused, lengthy, and disorderly proceeding. What the Commission fails to note, however, is that the failure to apply collateral estoppel in this case will result in an injustice to Kaiser, who will be required to relitigate issues already decided in its favor. Furthermore, the case can proceed in an orderly fashion without Kaiser as a defendant. Thus, collateral estoppel principles apply in this case, as they did in the subpoena enforcement case, to preclude continuation of this action against Kaiser and the complaint will be dismissed as to Kaiser.

■ Two other companies also claim special entitlement to the collateral estoppel effect of the Delaware decision—Rhode Island Insulated Wire Co., Inc. and American Insulated Wire Corp. Both companies claim that they did not manufacture aluminum wire and instead, only insulated bare wire produced by Kaiser. Thus, they assert that they are in privity with Kaiser and entitled to assert the defense of collateral estoppel. American raised this same asser-

tion in the *Anaconda Co.* case and it was rejected by this court. In *Anaconda Co.* this court in the unique circumstances of that case, adopted the strict mutuality of estoppel rule. 445 F.Supp. at 495 (1977). Those unique circumstances are also present in this case and strict mutuality will again be required. American and Rhode Island were not parties in the Delaware action and thus, they will not be subject to legal harassment and redundant legal fees. Furthermore, they can be considered manufacturers of aluminum wire regardless of their relationship with Kaiser because they at least assembled aluminum wire for sale. *See* Consumer Product Safety Act § 3(a)(3), (8), 15 U.S.C. § 2052(a)(3), (8). Therefore, the action will not be dismissed as to American and Rhode Island. Finally, the court's decision to certify certain issues to the court of appeals renders consideration of certain defendants' motion concerning scheduling unnecessary.

For the reasons expressed in this memorandum it is, by this court, this 13th day of December, 1977,

ORDERED that the motions of all defendants except Cadillac Cable Corp., Colonial Wire & Cable Co., Inc. and Kaiser Aluminum & Chemical Corp. to dismiss be, and the same hereby are, denied; and it is further

ORDERED that the motions of all the defendants except Cadillac Cable Corp. and Colonial Wire & Cable Co., Inc. to certify the issues of the Consumer Product Safety Commission's jurisdiction and the collateral estoppel effect of *Kaiser Aluminum & Chemical Corp. v. CPSC,* 428 F.Supp. 177 (D.Del.1977) to the United States Court of Appeals for the District of Columbia Circuit pursuant to 28 U.S.C. § 1292(b) be, and the same hereby are, granted; and it is further

ORDERED that the motion of Kaiser Aluminum and Chemical Corp. to dismiss the complaint be, and the same hereby is, granted; and it is further

ORDERED that the complaint be, and the same hereby is, dismissed as to Kaiser Aluminum & Chemical Corp.; and it is further

ORDERED that all proceedings in this case shall be stayed pending a decision by the court of appeals in this matter or until the court of appeals decides not to permit the appeal.

### CERTIFICATION FOR APPEAL UNDER 28 U.S.C. § 1292(b)

I certify that the issues disposed of by the accompanying memorandum and order involve controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

s/ Thomas A. Flannery
UNITED STATES
DISTRICT JUDGE

DATED: December 13, 1977